UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES SCHWAB & CO., INC.,<br><br>Plaintiff,<br><br>v.<br><br>BASILICA WEALTH MANAGEMENT, INC., et al.,<br><br>Defendants. | CASE NO. C14-0973JLR<br><br>ORDER DISMISSING CLAIMS AND GRANTING ATTORNEYS' FEES |

## I. INTRODUCTION

This matter comes before the court on two related motions: (1) Plaintiff Charles Schwab & Co., Inc.'s ("Schwab") motion to voluntarily dismiss its claims against Defendant Basilica Wealth Management, Inc. ("Basilica") (Mot. to Dismiss (Dkt. # 54)) and (2) Basilica's motion for motion for attorneys' fees (Fees Mot. (Dkt. # 66)). Having considered the submissions of the parties, the balance of the record, and the relevant law,

//

ORDER- 1

and deeming oral argument unnecessary, the court grants Schwab's motion to dismiss and grants in part and denies in part Basilica's motion for attorneys' fees.

## II.  BACKGROUND[1]

The court previously conditioned Schwab's voluntary dismissal of its claims against Basilica on the payment of reasonable and appropriate attorneys' fees and costs. (*See* 2/11/15 Order (Dkt. # 64).)  The court directed Basilica to bring a motion to identify its requested fees and costs, upon resolution of which the court would dismiss Schwab's claims against Basilica without prejudice.  (2/20/14 Order (Dkt. # 65).)  Basilica's motion is now before the court.

## III.  ANALYSIS

**A.  Legal Standard**

When a court conditions voluntary dismissal on the payment of costs and fees, the defendant should only be awarded fees for work that cannot be used in any future litigation between the parties on the claims.  *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993); *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.")

Once the portion of fees for work unusable in future litigation is determined, a court must apply the lodestar method to determine whether that portion is reasonable.

---

[1] The substantive facts of this case, which are set forth in full in previous orders, are well known to the parties by now, and the court will not repeat them here.  (*See* 2/11/15 Order (Dkt. # 64) at 2-3; 9/30/14 Order (Dkt. # 40).)

*See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Under this method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate.  *Id.*  The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

The reasonable hourly rate corresponds to the prevailing market rate in the relevant community considering the experience, skill, and reputation of the attorney in question. *Chalmers v. City of L.A.*, 796 F.2d 1205, 1210 (9th Cir. 1986), *amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).  In general, in assessing whether the attorneys spent a reasonable number of hours on the litigation, courts may consider, among other factors, the time and labor required, the novelty and difficulty of the questions involved, the skill necessary to perform the legal services properly, time limitations imposed by the client or circumstances, the amount involved and the results obtained, and the experience, reputation, and ability of the attorneys.  *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986) (citing *Kerr v. Screen Extra Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975)).  The court need not apply every factor in every case, but rather should apply only those factors that are relevant to the particular case.  *See Kerr*, 526 F.2d at 70; *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982).

B.  **Application**

Basilica requests a total award of $53,387.03 in fees and costs. (Mot. at 12.) Schwab maintains that Basilica is entitled to no more than $7,753.51. (Resp. (Dkt. # 68) at 9.) Upon a review of the billing records submitted in support of Basilica's motion (*see* Mot. Exs. A-D ("Basilica Invoices")), the court concludes that Basilica is entitled to only a portion of the fees and costs it requests.

Basilica has submitted declarations describing the qualifications and experience of the lawyers who worked on the case. (*See* Perka Decl. (Dkt. # 43); Marrs Decl. (Dkt. # 44).) Schwab has not objected to these hourly rates. (*See* Resp.) Given the lack of objection, and based upon the court's familiarity with the rates charged by attorneys with similar qualifications in the Seattle legal community, the court finds that these rates are reasonable. *See Chalmers*, 796 F.2d at 1210.

The court also finds that Basilica has adequately differentiated between work that cannot be used in any future litigation between the parties and work that can be used. *See Koch*, 8 F.3d at 652; *Westlands Water Dist.*, 100 F.3d at 97. Schwab complains that Basilica incorrectly identified work that would be unuseable in the ongoing arbitration against Basilica's Chief Executive Officer, Defendant Christopher Canorro, rather than work that would be unuseable in future litigation against Basilica. (*See generally* Resp.) Because Schwab's claims against Basilica are based almost entirely on Mr. Canorro's actions (*see generally* Compl. (Dkt. # 1); PI Mot. (Dkt. # 3)), the court finds that using the current arbitration as a proxy for future litigation is a sensible method to identify unusable work.

ORDER- 4

However, the court notes that Basilica seeks to be fully compensated for fees and costs that it admits were spent on work that benefitted both Basilica and Mr. Canorro. (*See, e.g.*, Mot. at 7 ("While the motion was directed against both Basilica and Mr. Canorro, the effort on Mr. Canorro's behalf was no greater than what was required on Basilica's behalf."), 8 ("[A]nswering the complaint for Basilica entailed the same work required for answering the complaint in [sic] Mr. Canorro's behalf."); Canorro Fee Mot. (Dkt. # 42); Canorro Fee Reply (Dkt. # 56) at 8-9 (claiming that Mr. Canorro, rather than Basilica, had incurred the same fees as requested here); *compare* Basilica Invoices *with* Canorro Invoice (Dkt. # 46).)  As this court previously ruled, Mr. Canorro is entitled to advance his contractual argument for attorneys' fees in arbitration.  (*See* 1/20/15 Order (Dkt. # 63).)  Basilica is not permitted to recover attorneys' fees owed by Mr. Canorro, and Basilica's requested amount of fees must be discounted accordingly.

The court also finds that the time and labor Basilica spent filing a motion for summary judgment in November, 2014, was unnecessary and excessive due to the fact that Schwab had previously informed Basilica multiple times in October and November, 2014, that it was willing to dismiss the action voluntarily.  (*See* Greco Decl. (Dkt. # 55) ¶¶ 3-5); *Westlands Water Dist.*, 100 F.3d at 97-98 ("The district court also may wish to delete any award of costs and fees attributable to the defendants' summary judgment motions, if the court concludes those costs and fees might have been avoided if the defendants had waited to file their summary judgment motions and responded initially to the [plaintiff's] motion for voluntary dismissal.").

1    In addition, the court finds that the time and labor Basilica spent addressing the
2 motions for expedited discovery and a preliminary injunction were excessive given the
3 relative novelty and difficulty of the questions involved.  *See LaFarge Conseils et*
4 *Etudes, S.A.*, 791 F.2d at 1341-42.  Specifically, each motion concerned only a few issues
5 governed by well-established law and implicated only a limited evidentiary record.  (*See*
6 9/30/14 Order; PI Mot.; Disc. Mot. (Dkt. # 2).)

7    Finally, the court finds that an appreciable portion of Basilica's time entries
8 indicate duplicative efforts by Basilica's attorneys.  (*See, e.g.*, Mot. Ex. C at 32 (listing
9 time entries for Amanda Ruden and Clinton Marrs two weeks apart with identical
10 narratives)); *Jackson ex rel. Dupree v. Dir., Office of Workers' Comp. Programs*, 505 F.
11 App'x 616, 617 (9th Cir. 2013) (holding that a district court did not abuse its discretion in
12 reducing a fee award due to duplicative litigation efforts).

13    Taking all of these considerations into account, the court concludes that Basilica is
14 entitled to attorneys' fees and costs in the total of $22,975.01.  *See LaFarge Conseils et*
15 *Etudes, S.A.*, 791 F.2d at 1341-42; *Kerr*, 526 F.2d at 70.

16                     **IV.   CONCLUSION**

17    For the foregoing reasons, the court GRANTS in part and DENIES in part
18 Basilica's motion (Dkt. # 66).  The court awards Basilica a total of $22,975.01 in
19 attorneys' fees and costs.
20 //
21 //
22 //

ORDER- 6

1 | Finally, the court GRANTS Schwab's motion to voluntarily dismiss its claims (Dkt. # 54)
2 | and DISMISSES Schwab's claims against Basilica without prejudice.
3 |     Dated this 3rd day of April, 2015.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 7