UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES SCHWAB & CO., INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>BASILICA WEALTH MANAGEMENT, INC., et al.,<br><br>   Defendants. | CASE NO. C14-0973JLR<br><br>ORDER GRANTING MOTION FOR FINAL JUDGMENT |

## I. INTRODUCTION

Before the court is a motion by Defendant Basilica Wealth Management, Inc. ("Basilica") for a final judgment against Plaintiff Charles Schwab & Co., Inc. ("Schwab"). (*See* Mot. (Dkt. # 71).) Having considered Basilica's motion, the balance of the record, and the relevant law, and deeming oral argument unnecessary, the court GRANTS Basilica's motion.

//

ORDER- 1

## II. BACKGROUND

Schwab filed this suit against two defendants: Basilica and Christopher Canorro. (Compl. (Dkt. # 1).) Basilica is financial services firm that competes with Schwab. (*See generally id.*) The gist of Schwab's allegations is that Mr. Canorro misappropriated Schwab's trade secrets and other confidential information when he left employment at Schwab to found Basilica. (*See generally id.*)

The parties agreed that Schwab's claims against Mr. Canorro must be arbitrated by a Financial Industry Regulatory Authority ("FINRA") arbitrator. (*See* 9/30/14 Order (Dkt. # 40).) Accordingly, the court stayed the claims against Mr. Canorro pending completion of the mandatory arbitration. (*See id.* at 16.)

Schwab then moved to voluntarily dismiss its claims against Basilica without prejudice. (Mot. to Dis. (Dkt. # 54).) Basilica opposed voluntary dismissal unless it was conditioned on an award of attorneys' fees to Basilica. (*See* Resp. to Mot. to Dis. (Dkt. # 60).) The court ultimately granted Schwab's motion to voluntarily dismiss its claims against Basilica and awarded Basilica $22,975.01 in attorneys' fees. (*See* Dismissal Orders (Dkt. ## 64, 65, 70).)

Basilica now moves for an entry of final judgment on the claims against it. (Mot.) Schwab does not oppose the motion. (*See generally* Dkt.) Basilica's motion is now before the court.

## III. ANALYSIS

Federal Rule of Civil Procedure 54(b) provides that final entry of judgment should be made on individual claims in multiple claim suits upon an express determination that

there is no just reason for delay.  Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).  The court is to make specific findings that set forth the reasons for granting a Rule 54(b) motion.  *In re Lindsay*, 59 F.3d 942, 951 (9th Cir.1995).  In making a determination under Rule 54(b), a court must first determine that it is dealing with a final judgment.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).  "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'"  *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)); *see also Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005).

There is no question that the court's order dismissing Schwab's claims against Basilica was a "decision upon a cognizable claim for relief" and an "ultimate disposition of . . . individual claim[s]."  *Curtiss-Wright Corp.*, 446 U.S. at 7; (Dkt. 70).)  The order disposes of all claims against Basilica and states that "the court awards Basilica a total of $22,975.01 in attorneys' fees and costs." (Dkt. # 70 at 6.)   With respect to Basilica, there is nothing left for the court to adjudicate in this action.  Therefore, the judgment is final.

Next, in evaluating the entry of judgment under Rule 54(b), the court must determine whether there is any just reason for delay.  *Curtiss-Wright*, 446 U.S. at 7; *Wood*, 422 F.3d at 878.  "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal.  This discretion is to be exercised 'in the interest of sound judicial administration.'"  *Curtiss-Wright Corp.*, 446 U.S. at 8; *Sears, Roebuck*, 351 U.S. at 437;

ORDER- 3

*Wood*, 422 F.3d at 878.  A court's application of Rule 54(b) should preserve "the historic federal policy against piecemeal appeals."  *Curtiss-Wright*, 446 U.S. at 8; *Sears, Roebuck*, 351 U.S. at 438; *Wood*, 422 F.3d at 878-79.  The Ninth Circuit, however, embraces a "pragmatic approach focusing on severability and efficient judicial administration."  *Wood*, 422 F.3d at 880; *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

      The court determines that there is no just reason to delay entering judgment on the claims against Basilica.  Although the claims against Basilica are related to the claims against Mr. Canorro, those claims are stayed pending the outcome of the FINRA arbitration.  (*See* 9/30/14 Order.)   There is no real dispute that the arbitration decision will most probably resolve or moot all of the claims against Basilica.  (*See* Mot. to Dis. at 2-3, Ex. A (copy of Schwab's FINRA Statement of Claim showing parallel claims to those in this action).)  As such, there is little risk of piecemeal appeals.  *See Curtiss-Wright*, 446 U.S. at 8.  The fact that Schwab has voluntarily dismissed its claims against Basilica (*see* Dismissal Orders) makes an appeal of those claims even more unlikely.  In light of those considerations, the court concludes that entering final judgment on the claims against Basilica will promote efficient judicial administration.  *See Wood*, 422 F.3d at 880.  Therefore, the court grants Basilica's motion for entry of final judgment.

## IV.   CONCLUSION

      For the foregoing reasons, the court GRANTS Defendant's motion for a final judgment. (Dkt. # 71.) Accordingly, the court DIRECTS that its April 3, 2015, order dismissing Schwab's claims against Basilica without prejudice and awarding Basilica

$22,975.01 in attorneys' fees (Dkt. # 70) shall be deemed a final judgment with respect to Basilica pursuant to Federal Rule of Civil Procedure 54(b).

Dated this 13th day of May, 2015.

JAMES L. ROBART
United States District Judge

ORDER- 5